**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2005**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60735

———————————————

RAIN BIRD CORP

                    Plaintiff - Appellee

v.

NATIONAL PUMP COMPANY LLC; ET AL

                    Defendants

ROBERT MILTON

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
2:02-CV-18-M-D
--------------------

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     In this tort action, Defendant-Appellant Robert Milton

("Milton") appeals the district court's entry of final judgment

in favor of Plaintiff-Appellee Rain Bird Corp. ("Rain Bird") and

its assessment of actual and punitive damages against him.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Having reviewed the record and considered the briefs and arguments on appeal, we affirm the judgment of the district court and uphold the award of actual and punitive damages.

Milton raises three issues on appeal. First, Milton contends that the district court's findings of fact are clearly erroneous inasmuch as they disregard certain evidence presented by Milton at trial. Following a bench trial, we review the district court's findings of fact for clear error. *See Energy Mgmt. Corp. v. City of Shreveport*, 397 F.3d 297, 302 (5th Cir. 2005). In light of the record viewed in its entirety, and given that the district court's findings were based largely on determinations regarding witness credibility, *see Schlesinger v. Herzog*, 2 F.3d 135, 139 (5th Cir. 1993), we conclude that the district court's account of the facts did not disregard evidence and was not clearly erroneous.

Second, Milton asserts that the district court erred in finding in favor of Rain Bird, and against Milton, as to Rain Bird's causes of action. Specifically, Milton complains that it was error for the district court not to accept his version of the facts and that, had the district court done so, judgment in his favor would be warranted. In essence, Milton's argument under this assignment of error amounts to nothing more than a complaint that the district court erred in declining to adopt facts more to Milton's liking. As discussed *supra*, in light of the record

2

viewed in its entirety, and given that the district court's findings were based largely on determinations regarding witness credibility, the district court's account of the facts was not clearly erroneous.

Finally, Milton contends that the district court erred in its assessment of damages against Milton in four respects. In reviewing damages assessments, "[a]bsent an error of law, [we] will sustain the amount of damages awarded by the fact finder, unless the amount is clearly erroneous or so gross or inadequate as to be contrary to right reason." *Vogler v. Blackmore*, 352 F.3d 150, 154 (5th Cir. 2003) (citations omitted).

With respect to damages, Milton first contends that the district court ignored cost of investment in determining Rain Bird's lost future profits. We find this argument to be without merit. The earnings projections relied on by the district court to assess Rain Bird's lost future profits specifically account for cost of investment, calculated on an annualized basis as a yearly depreciation deduction. Therefore, we conclude that the district court did not err in calculating Rain Bird's lost future profits.

Milton next contends that the district court erred in considering the projected earnings pro-forma introduced as Exhibit P-110 as evidence of Rain Bird's lost future profits. On appeal, Milton argues that because the challenged pro-forma was

not prepared for the specific purpose of demonstrating Rain Bird's lost future profits, the district court's reliance on that pro-forma was clearly erroneous. Because Milton did not object at trial to either the introduction or reliability of the challenged pro-forma, we need not determine whether the district court's reliance on that pro-forma was clearly erroneous. *See Colonial Refrigerated Transp., Inc. v. Mitchell*, 403 F.2d 541, 552 (5th Cir. 1968) (citations omitted).

Third, Milton contends that the district court erred in awarding Rain Bird damages in the amount of the severance package Milton awarded himself from the coffers of Golf Course Irrigation Services, Inc. ("GCIS"). We find Milton's argument to be without merit. In awarding himself a severance package that was not part of his proper compensation, Milton breached his fiduciary duty to Rain Bird, as the pledgee of GCIS stock, by unjustly enriching himself by the amount of the severance package. *See Gibson v. Manuel*, 534 So. 2d 199, 202 (Miss. 1988); *Knox Glass Bottle Co. v. Underwood*, 89 So. 2d 799, 814-15 (Miss. 1956). Accordingly, Milton is liable to Rain Bird for the amount of the severance package, irrespective of any harm to GCIS or any diminution in value of the GCIS stock pledged to Rain Bird. *See Knox*, 89 So. 2d at 815. Therefore, the district court's assessment of damages against Milton in the amount of his GCIS severance package was not clearly erroneous.

Lastly, Milton contends that the district court's assessment of $500,000 in punitive damages against him runs afoul of the constitutional prohibition against grossly excessive or arbitrary punitive damages awards.[1]  Because Milton challenges the constitutionality of the size of the district court's punitive damages award, we review Milton's challenge *de novo*.  *See Watson v. Johnson Mobile Homes*, 284 F.3d 568, 572 (5th Cir. 2002).

In *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), the United States Supreme Court articulated three guideposts that courts should consider in determining whether an award of punitive damages is constitutionally excessive.  The three guideposts are:  (1) the degree of the defendant's reprehensibility; (2) the disparity between the harm or potential harm suffered by the victim and the punitive damages award; and (3) the sanctions authorized for comparable misconduct.  *See Gore*, 517 U.S. at 575-85; *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (reiterating the importance of the *Gore* guideposts).

Regarding the first *Gore* guidepost, the harm Milton inflicted on Rain Bird was purely economic in nature and Milton's conduct evinced no indifference to, or reckless disregard for,

---

[1]  We note that Milton raises only a constitutional challenge to the size of the district court's punitive damages award.  Because Milton does not raise an excessiveness challenge under Mississippi state law, we decline to address that issue.

5

the health and safety of others. *See Gore*, 517 U.S. at 576. However, "[t]o be sure, infliction of economic injury, especially when done intentionally through affirmative acts of misconduct, or when the target is financially vulnerable, can warrant a substantial penalty." *Id.* In the instant case, Milton's conduct included: (1) knowingly providing defendant National Pump Company ("NPC") with Rain Bird's confidential information, enabling NPC to essentially steal Rain Bird's prospective customers; (2) improperly transferring to NPC GCIS's secured assets, in knowing violation of the Loan and Security Agreement with Rain Bird; and (3) continuing to transfer GCIS's secured assets to NPC in violation of a preliminary injunction entered by the district court, resulting in the district court holding Milton in contempt of court. Accordingly, we conclude that the combination of economic injury to Rain Bird and Milton's multiple affirmative acts of misconduct supports a punitive damages award.

Regarding the second *Gore* guidepost, the $500,000 in punitive damages assessed against Milton is substantially less than the $2,869,167 in actual damages caused by Milton's conduct, resulting in a punitive damages-to-actual damages ratio of 0.17. This fractional ratio does not even come close to approaching the ratio contemplated as questionable by the Supreme Court. *See Campbell*, 538 U.S. at 410. Accordingly, we conclude that the second *Gore* guidepost supports upholding the amount of punitive

damages assessed against Milton.

Regarding the final *Gore* guidepost, the comparable sanctions under Mississippi state law for the disposal of property that is secured by a lien are up to one year's imprisonment, a fine not exceeding the value of the property disposed of, in this case $90,000, or both. *See* Miss. Code Ann. § 97-17-75 (1972). This provision imposes relatively severe penalties on wrongdoers, indicating the seriousness with which the state views the wrongful action. Accordingly, we conclude that the relevant civil and criminal penalties under Mississippi state law provided Milton with constitutionally adequate notice of the severity of the penalty that the state may impose. *See Gore*, 517 U.S. at 584. Therefore, we uphold the district court's punitive damages award against Milton.

For the foregoing reasons, we affirm the judgment of the district court with respect to Milton and uphold the actual and punitive damages awards against Milton.